IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:10-CV-65-H

BUYER'S DIRECT, INC., )
)
    Plaintiff, )
)
v. ) **ORDER**
)
BELK, INC. and BELK )
INTERNATIONAL, INC., )
)
    Defendants. )

This is a patent infringement suit brought by Buyer's Direct, Inc. ("BDI") against Belk, Inc., and Belk International, Inc. ("Belk"). BDI asserts that Belk is infringing its patented "Snoozies" slippers by selling and marketing "Footsies" slippers under Belk's private label.[1] Before the court is BDI's motion for preliminary injunction to enjoin Belk "from causing to be manufactured, distributing, marketing and selling their Footsies product." (Mot. Prelim. Injunction at 1.) Belk opposes the motion, arguing that BDI has not shown irreparable harm absent the issuance of preliminary injunctive relief, that BDI is unlikely to succeed on the merits of its infringement claim and that the motion for preliminary injunction is moot. (Dfs.' Mem. Opp. Plf.'s Mot. Prelim. Injunction at 7-14.) Belk represents

---

[1] At issue in this case is BDI's interest in U.S. Patent No. D598,183 ("the '183 Patent").

to the court that it has "sold all of its inventory of the accused Footsie slipper and has no intention of purchasing more." (Id. at 2.)

A preliminary injunction is an extraordinary remedy afforded prior to trial and at the court's discretion. Micro Strategy, Inc. v. Motorola, Inc., 245 F.3d 335, 339 (4th Cir. 2001). "In each case, courts 'must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief,'" Winter v. Natural Res. Def. Council, Inc., 129 S. Ct. 365, 376 (2008) (quoting Amoco Prod. Co. v. Village of Gambell, 480 U.S. 531, 542 (1987)), "'pay[ing] particular regard for the public consequences in employing the extraordinary remedy of injunction,'" id. at 376-77 (quoting Weinberger v. Romero-Barcelo, 456 U.S. 305, 312 (1982)).

It is only where the movant establishes the following four factors that preliminary injunctive relief will issue:

> (1) that the movant is likely to succeed on the merits;
>
> (2) that it is likely to suffer irreparable harm in the absence of preliminary relief;
>
> (3) that the balance of equities tips in its favor; and
>
> (4) that an injunction is in the public interest.

Winter, 129 S. Ct. at 374.

In light of Belk's representations concerning its discontinuance of the Footsies product line and its depletion of all allegedly infringing inventory, the court concludes that BDI has not met its burden of demonstrating that it will suffer irreparable harm absent the issuance of preliminary injunctive relief. Accordingly, BDI's motion for preliminary injunction [DE #15] is DENIED WITHOUT PREJUDICE to the right to refile the motion should Belk take any steps or indicate any intention to market or sell a product that BDI contends infringes its '183 Patent. BDI's request for a hearing on its motion for preliminary injunction is DENIED.

This 1st day of July 2010.

MALCOLM J. HOWARD
Senior United States District Judge

At Greenville, NC
#31

3
Case 5:10-cv-00065-JG  Document 25  Filed 07/01/10  Page 3 of 3