IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:10-CV-65-H

BUYER'S DIRECT, INC.,               )
                                    )
        Plaintiff,                  )
                                    )
                                    )
    v.                              )               **ORDER**
                                    )
                                    )
BELK, INC. and BELK                 )
INTERNATIONAL, INC.,                )
                                    )
        Defendants.                 )


This matter is before the court on plaintiff's renewed motion for preliminary injunction. A hearing was held before United States Magistrate Judge David W. Daniel on this matter, and Judge Daniel filed a memorandum and recommendation ("M&R"). Plaintiff filed objections to the M&R and defendants have replied. This matter is ripe for adjudication.

Federal district courts have the power to grant preliminary injunctions to prevent the violation of patent rights. <u>Titan Tire Corp. v. Case New Holland, Inc.</u>, 566 F.3d 1372, 1375 (Fed. Cir. 2009). The Supreme Court has articulated that a plaintiff seeking a preliminary injunction bears the burden of establishing each of four factors: (1) a likelihood of success on the merits; (2) a likelihood that he will suffer irreparable

1

harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that the issuance of a preliminary injunction would be in the public interest. <u>Winter v. Natural Res. Def. Council, Inc.</u>, 129 S.Ct. 365, 374 (2008). A preliminary injunction is an extraordinary remedy. <u>Id.</u> at 376.

In the M&R, Judge Daniel found that plaintiff failed to carry its burden of demonstrating a likelihood of prevailing on the merits of its patent infringement claim as to the Kim Rogers slipper. Judge Daniel also found that plaintiff failed to carry its burden of demonstrating a likelihood of irreparable harm absent a preliminary injunction.

The court has reviewed the M&R, the objections filed by plaintiff as well as the reply filed by defendant, and finds, for the reasons stated in the M&R, that plaintiff has failed to carry its burden of demonstrating a likelihood of irreparable harm absent a preliminary injunction. To establish irreparable harm, the party seeking a preliminary injunction must demonstrate an injury that cannot be effectively remedied by an award of monetary damages. The court finds, despite plaintiff's objections, that Belk is no longer selling the Kim Rogers slipper and has no plans to do so again in the future. Furthermore, the court finds that monetary damages would likely

be adequate to compensate plaintiff for past losses. Therefore, the court finds that plaintiff has not carried its burden of showing a likelihood of irreparable harm.

Because plaintiff has failed to show a likelihood of irreparable harm, an injunction is not warranted.[1] Therefore, plaintiff's renewed motion for preliminary injunction is DENIED.

This _11th_ day of August 2011.


Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#26

---

[1] The court does not reach Judge Daniel's alternate finding that plaintiff failed to carry its burden of demonstrating a likelihood of success on the merits of its claim.

3