IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:10-CV-65-H

| | |
|---|---|
| BUYER'S DIRECT INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| BELK, INC. and BELK INTERNATIONAL, ) | |
| INC. ) | |
| ) | |
| Defendants. ) | |

This case comes before the court on several pending motions: (1) a motion (D.E. 71) by defendants, Belk, Inc. and Belk International, Inc. (collectively "defendants"), to enforce subpoenas to nonparty Quick Patents, Inc. ("Quick Patents"); (2) defendants' motion (D.E. 80) for *in camera* inspection of documents; (3) a motion (D.E. 62) by plaintiff Buyer's Direct Inc. ("plaintiff") for extension of the time to disclose experts; and (4) defendants' motion (D.E. 69) for extension of the discovery schedule. The motions have been fully briefed.[1] For the following reasons, defendants' motion to enforce nonparty subpoenas will be denied without prejudice, defendants' motion for *in camera* inspection will be denied as moot, plaintiff's motion for extension of time will be allowed, and defendants' motion for extension of the discovery schedule will be allowed.

---

[1] In support of their motion to enforce nonparty subpoenas, defendants filed a memorandum (D.E. 72) and exhibits (D.E. 72-1 through 72-11). Quick Patents filed a response in opposition (D.E. 79) and an exhibit (D.E. 79-1).
 In support of their motion for *in camera* review, defendants filed a memorandum (D.E. 81) and an exhibit (D.E. 81-1). Quick Patents filed a response in opposition (D.E. 82).
 In support of its motion for extension of time to disclose experts, plaintiff filed a memorandum (D.E. 63) with exhibits (D.E. 63-1 through 63-4). In response, defendants filed a memorandum (D.E. 68) with exhibits (D.E. 68-1 through 68-4).
 In support of their motion for extension of the discovery schedule, defendants filed a memorandum (D.E. 69). In response, plaintiff filed a memorandum (D.E. 73).

## BACKGROUND

According to its amended complaint, plaintiff is in the business of supplying retail products, including a type of patented slippers known as "snoozies." (Am. Compl. (D.E. 52) ¶ 8). Defendants purchased and sold snoozies in Belk department stores in the fall of 2008, but in 2009 began to manufacture and sell a retail slipper product called "Footsies" in Belk department stores under Belk's private label brand. (*Id.* ¶¶ 13, 27, 30). Plaintiff alleges that Footsies infringe on its patent and trade dress rights in its snoozies product. (*Id.* ¶ 13). Plaintiff further alleges that defendants continue to market and sell Footsies even though plaintiff has advised them that Footsies infringe on plaintiff's patent rights. (*Id.* ¶¶ 14-15).

Plaintiff asserts claims for: (1) patent infringement (*id.* ¶¶ 50-53); (2) trade dress infringement (*id.* ¶¶ 54-63); (3) false and deceptive advertising (*id.* ¶¶ 64-70); (4) unfair and deceptive trade practices (*id.* ¶¶ 71-77); (5) unfair competition (*id.* ¶¶ 78-81); (6) fraud (*id.* ¶¶ 82-89); (7) a constructive trust (*id.* ¶¶ 90-94); and (8) an accounting (*id.* ¶ 95-98). In addition to the constructive trust and accounting, plaintiff seeks compensatory and statutory damages, punitive damages, permanent injunctive relief, and reasonable attorney's fees. (*Id.*, Prayer for Relief). Defendants deny the material allegations of plaintiff's amended complaint and assert several counterclaims. (*See generally* Defs.' Ans. and Counterclaims (D.E.56)).

On 8 April 2011, defendants issued a subpoena out of the Central District of California for production of documents ("subpoena duces tecum") (D.E. 72-2) to Quick Patents, plaintiff's registered patent agent. The subpoena duces tecum called for production at defendants' counsel's office in Charlotte, North Carolina on 2 May 2011. (Subpoena for Doc. Prod. 1). On 20 April 2011, defendants issued a subpoena ("deposition subpoena") (D.E. 72-3) out of the same court for the

deposition testimony of Quick Patents, pursuant to Fed. R. Civ. P. 30(b)(6), on 10 May 2011. The deposition subpoena specified an apparent office of Quick Patents in San Juan Capistrano, California as the location for the deposition. (Subpoena for Depo. 1). In response to the subpoena duces tecum, Quick Patents on 2 May 2011 served a response (D.E. 72-8), including objections; approximately 70 pages of documents (D.E. 72-9), and a privilege log (D.E. 72-11).

## DISCUSSION

### I. Defendants' Motion (D.E. 71) to Enforce Nonparty Subpoenas

By their motion to enforce nonparty subpoenas, defendants seek an order compelling production of all documents sought in the subpoena duces tecum not yet produced by Quick Patents and the testimony sought in its deposition subpoena. The court does not reach the merits of defendants' motion, however, because it lacks jurisdiction to do so.

As to the subpoena duces tecum, Fed. R. Civ. P. 45 provides that when, as here, any objection is made to such a subpoena, a motion to compel by the serving party is to be filed in the court that issued the subpoena:

> If an objection is made, the following rules apply:
>
> (i) At any time, on notice to the commanded person, the serving party may move the *issuing court* for an order compelling production or inspection.

Fed. R. Civ. P. 45(c)(2)(B)(i) (emphasis added); *see also id.* (c)(3)(A), (B) (providing the issuing court authority to quash or modify a subpoena). As indicated, the subpoena duces tecum was issued out of the Central District of California. Accordingly, pursuant to Rule 45(c)(2)(B)(i), that court, not this one, is the proper forum to resolve defendants' motion to compel production pursuant to the subpoena duces tecum. *See, e.g., McCook Metals LLC v. Alcoa, Inc.*, 249 F.3d 330, 334 (4th Cir.

2001) (Rule 45 assigns the court issuing a deposition subpoena "the responsibility of issuing and enforcing subpoenas in its district"); *Limon v. BerryCo Barge Lines, L.L.C.*, No. G-07-0274, 2009 WL 1347363, at *1 (S.D. Tex. 13 May 2009) (holding that court lacked jurisdiction over motion to compel compliance with subpoena duces tecum, stating "Rule 45 allocates authority over subpoenas to the court for the district from which they are issued. . . . '[O]nly the issuing court has the power to act on its subpoenas.'") (quoting *In re Sealed Case*, 141 F.3d 337, 341 (D.C. Cir. 1998)); *Curry v. Delta Intern. Machinery Corp.*, No. 07-0828, 2008 WL 2620103, at *1 (W.D. Pa. 2 Jul. 2008) ("This court did not issue the subpoena and this court has no power to grant defendants the relief sought in their motion to compel."); *United States v. Star Scientific, Inc.*, 205 F. Supp. 2d 482, 485 (D. Md. 2002) ("The language of Rule 45 clearly contemplates that the court enforcing a subpoena will be the court that issued that subpoena.").[2]

The court believes that because of the greater specificity of Rule 45(c)(2)(B)(i) it takes precedence over the provision in Rule 37 stating that "[a] motion for an order to a nonparty must be made in the court where the discovery is or will be taken." Fed. R. Civ. P. 37(a)(2). Even if the Rule 37 provision were applicable, though, it would not establish this court as the forum for defendants'

---

[2] *See also Hodnett v. Smufit-Stone Container Enters.*, No. 09-1256, 2010 WL 3522497, at *1 (W.D. La. 2 Sept. 2010) ("As this court is not the issuing court, it follows therefore, that it lacks authority to act upon [the motions to quash and for other relief regarding] the subpoenas."); *Multiquip, Inc. v. Water Management Systems LLC*, No. CV 08-403-S-EJL-REB, 2009 WL 5322946, at *1 (D. Idaho 29 Dec. 2009) ("Therefore, pursuant to FRCP 45, this Court may not quash or modify a subpoena issued by another court. Because the subpoena . . . was issued by the District of Minnesota, Defendants' Motion–filed in this Court–is procedurally flawed."); *Assoc. of Am. Physicians & Surgeons v. Texas Med. Bd.*, NO 5:07CV191, 2008 WL 2944671, at *3 (E.D. Tex. 25 Jul. 2008) (holding that Rule 45 deprived court of authority to act on motions to quash and for a protective order relating to subpoenas issued out of other districts).

motion, but rather the Western District of North Carolina, the district encompassing the place (Charlotte, North Carolina) specified by the subpoena for production.³

As to defendants' deposition subpoena, it is a well-established principle, grounded by the courts in Rule 45(c) or Rule 37(a)(2) or both, that motions to compel a nonparty to comply with a deposition subpoena are to be heard in the district where the deposition is to be conducted. *Lefkoe v. Jos. A. Bank Clothiers, Inc.*, 577 F.3d 240, 246 (4th Cir. 2009) ("And because the deponent was located in Massachusetts, [defendant] caused the subpoena to be issued from the district court there. Accordingly, the Massachusetts district court had authority to enforce, modify, or quash the [deposition] subpoena in accordance with Rule 45(c)."); *United States v. Diabetes Treatment Ctrs. of Am., Inc.*, 444 F.3d 462, 468 (6th Cir. 2006) ("[T]he Federal Rules are designed to ensure that district courts remain firmly in control of those depositions . . . involving nonparties located in their districts."); *Fincher v. Keller Indus., Inc.*, 129 F.R.D. 123, 125 (M.D.N.C. 1990) ("The Court for the district wherein the deposition is being taken decides controversies with respect to depositions.").⁴ Because the deposition notice here specified San Juan Capistrano, California as the location for the deposition, which is in the Central District of California, that court, not this one, is the proper forum for defendants' motion to compel compliance with the deposition subpoena.

---

³ In making this observation, the court expresses no opinion on whether the subpoena duces tecum, having been issued from a court in California, could validly require production in a North Carolina district. *See* Fed. R. Civ. P. 45(a)(2)(c).

⁴ *See also Chick-Fil-A v. Exxonmobil Corp.*, No. 08-61422-CIV, 2009 WL 2242392, at *1 (S.D. Fla. 24 Jul. 2009) ("The subpoena . . . was issued out of the Northern District of Georgia, and the deposition is to take place in Atlanta, Georgia. This Court, therefore, does not have the authority to decide the instant motion [to quash]."); *Avance v. Kerr-McGee Chemical LLC*, No.5:04CV209, 2005 WL 5315654, at *4 (E.D.Tex. 9 Aug. 2005) ("[T]he issuing court has exclusive jurisdiction to rule on objections to a deposition subpoena.").

5

Case 5:10-cv-00065-H   Document 99   Filed 12/23/11   Page 5 of 8

Defendants conclusorily contend that Quick Patents has consented to this court hearing the disputes over the subpoenas or has waived the right to contest this court's hearing them by seeking protection from this court and retaining counsel in this district. (Defs' Mem. re Mot. to Enforce Subpoenas (D.E. 72) 1-2[5]). It is true that the courts have recognized some exceptions to the general principles recited above whereby the district court in which the action is pending may hear disputes arising from subpoenas issued by other district courts. *See, e.g., Lefkoe,* 577 F.3d at 246 (noting that Rule 26(c)(1) allows a nonparty deponent to move for a protective order in either the district where the deposition is to be taken or the district where the action is pending); *In re Digital Equip. Corp.,* 949 F.2d 228, 231 (8th Cir.1991) (holding that court issuing subpoenas pursuant to Rule 45 may remit consideration of objections to court where underlying case is pending); *Star Scientific, Inc.,* 205 F. Supp. 2d at 485 (transferring motion to compel compliance with subpoena duces tecum to district where underlying case was pending); *Fincher,* 129 F.R.D. at 125 (holding that district where deposition of nonparty is to be taken may not transfer dispute regarding it to district where action is pending absent express or implicit consent by the nonparty). But the court finds that no such circumstances are present here. In particular, it finds no consent or waiver by Quick Patents that might under some theory enable this court to rule on defendants' motion to compel. *See Pulte Homes, Inc. v. American Guarantee, and Liability Ins. Co.,* No. 09-CV-11616, 2010 WL 5211458, at *1 (E.D. Mich. 16 Dec. 2010) (declining to hear motion to compel filed in district where litigation was pending even though nonparty was represented by defendants' counsel and opposition to the motion was filed on behalf of defendant and, in part, the nonparty). For this and the other reasons

---

[5] Defendants cite Exhibit 1 at 4 for this contention, but that document (D.E. 72-1) is a copy of the subpoena for production of documents.

stated, defendants' motion to compel is DENIED without prejudice to its being refiled in the proper district.

## II. Defendants' Motion (D.E. 80) for *In Camera* Inspection

Defendants' motion for *in camera* inspection (D.E. 80) requests that the court direct Quick Patents to produce the documents it has withheld to the court for its review. Because the court declines to hear the underlying motion to compel, the motion for *in camera* inspection is DENIED as moot.

## III. Plaintiff's Motion (D.E. 62) for Extension of Time to Disclose Experts and Defendants' Motion (D.E. 69) for Extension of Discovery Deadlines

Both parties agree that extension of the deadlines in the Scheduling Order is warranted. For good cause shown, the court will ALLOW both motions for extension of time and the Scheduling Order (D.E. 26, 46, 86) is modified as follows:

1. To the extent it has not already been done, reports from experts are due from plaintiff by 17 January 2012 and from defendants by 17 February 2012.

2. All discovery shall be commenced in time to be concluded by 16 March 2012.

3. All potentially dispositive motions shall be filed by 16 April 2012.

4. This action will be calendared for trial before Senior District Judge Malcolm J. Howard at his 20 August 2012 Greenville term. A trial calendar indicating the order in which cases will be called for trial at that term will be distributed two months beforehand. At the same time, a final pre-trial conference will be scheduled approximately two weeks before the trial.

5. All other provisions in the existing Scheduling Order remain in effect.

## CONCLUSION

In sum, for the reasons and on the terms set out above, (1) defendants' motion (D.E. 71) to enforce nonparty subpoenas is DENIED without prejudice; (2) defendants' motion (D.E. 80) for *in camera* inspection of documents is DENIED as moot;(3) plaintiff's motion (D.E. 62) for an extension of time for it to disclose experts is ALLOWED; and (4) defendants' motion (D.E. 69) for an extension of discovery is ALLOWED and the Scheduling Order is modified as specified.

SO ORDERED, this 22nd day of December 2011.

James E. Gates
United States Magistrate Judge