IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:10-CV-65-H

| | |
|---|---|
| BUYER'S DIRECT INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| BELK, INC. and BELK INTERNATIONAL, ) | |
| INC., ) | |
| ) | |
| Defendants. ) | |

This case comes before the court on the motion (D.E. 87) filed by plaintiff Buyer's Direct, Inc. ("plaintiff") to compel the deposition of an employee of defendant Belk, Inc. and defendant Belk International, Inc. (collectively "defendants"). The motion has been fully briefed.[1] It has been referred to the undersigned for disposition pursuant to 28 U.S.C. § 636(b)(1)(A). (*See* Minute Entry after D.E. 96). For the reasons set forth below, the motion will be allowed.

## BACKGROUND

According to its amended complaint, plaintiff is in the business of supplying retail products, including a type of patented slippers known as "snoozies." (Am. Compl. (D.E. 52) ¶ 8). Plaintiff alleges that the quality and unique design of its snoozies have allowed it to achieve success in the marketplace. (*Id.*). Snoozies are offered for sale throughout North Carolina and other states, and plaintiff owns a patent for this product to protect its unique proprietary design. (*Id.* ¶¶ 9, 11). Defendants purchased and sold snoozies in Belk department stores in the fall of

---

[1] In support of the motion to compel, plaintiff filed a memorandum (D.E. 88) with exhibits (D.E. 88-1 through 88-6; D.E. 89). Defendants filed in opposition a memorandum (D.E. 92) with exhibits (D.E. 92-1 through 92-3).

2008.  (*Id.* ¶ 27).  Defendants did not repurchase any snoozies in 2009, but instead began to manufacture and sell a retail slipper product called "Footsies" in Belk department stores under Belk's Kim Rogers private label brand.  (*Id.* ¶ 13, 30).  Plaintiff alleges that Footsies infringe on plaintiff's patent and trade dress rights in its snoozies product.  (*Id.* ¶ 13).  Plaintiff further alleges that defendants continue to market and sell Footsies even though plaintiff has advised them that Footsies infringe on plaintiff's patent rights.  (*Id.* ¶¶ 14-15).

In its amended complaint, plaintiff asserts claims for:  (1) patent infringement (*id.* ¶¶ 50-53); (2) trade dress infringement (*id.* ¶¶ 54-63); (3) false and deceptive advertising (*id*. ¶¶ 64-70); (4) unfair and deceptive trade practices (*id.* ¶¶ 71-77); (5) unfair competition (*id.* ¶¶ 78-81); (6) fraud (*id.* ¶¶ 82-89); (7) a constructive trust (*id*. ¶¶ 90-94); and (8) an accounting (*id.* ¶¶ 95-98). In addition to the constructive trust and accounting, plaintiff seeks compensatory and statutory damages, punitive damages, permanent injunctive relief, and reasonable attorney's fees.  (*Id.*, Prayer for Relief).  Defendants deny the material allegations of plaintiff's amended complaint, and assert several counterclaims.  (*See generally* Defs.' Ans. and Counterclaims (D.E. 56)). Plaintiff denies the allegations in defendants' counterclaims.  (*See generally* Pl.'s Ans. to Counterclaims (D.E. 67)).

During discovery, plaintiff served on defendants a notice (Dep. Notice (D.E. 88-3)) to take the deposition of Luther Moore ("Moore"), defendants' employee.  The notice also requests production of documents identified in an exhibit attached thereto as Schedule A.  (Dep. Notice 4-6).  Moore is defendants' Assistant General Counsel and plaintiff contends that he possesses information relevant to the claims and defenses in this case.  Defendants refuse to produce Moore for a deposition.  By its motion, plaintiff seeks to compel Moore's attendance.

## DISCUSSION

I.  APPLICABLE LEGAL STANDARDS

The Federal Civil Rules enable parties to obtain information by serving requests for discovery on each other, including interrogatories, requests for production of documents, and notices of deposition. *See generally* Fed. R. Civ. P. 26-37. Rule 26 provides for a broad scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1). The rules of discovery, including Rule 26, are to be given broad and liberal construction. *Herbert v. Lando*, 441 U.S. 153, 177 (1979); *Nemecek v. Bd. of Governors*, No. 2:98-CV-62-BO, 2000 WL 33672978, at *4 (E.D.N.C. 27 Sep. 2000).

While Rule 26 does not define what is deemed relevant for purposes of the rule, relevance has been "'broadly construed to encompass any possibility that the information sought may be relevant to the claim or defense of any party.'" *Equal Employment Opportunity Comm'n v. Sheffield Fin. LLC*, No. 1:06CV889, 2007 WL 1726560, at *3 (M.D.N.C. 13 June 2007) (quoting *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 473 (N.D. Tex. 2005)). The district court has broad discretion in determining relevance for discovery purposes. *Watson v. Lowcountry Red Cross*, 974 F.2d 482, 489 (4th Cir. 1992). Rule 37 allows for the filing of a motion to compel a deponent to appear for a deposition. *See* Fed. R. Civ. P. 37(a)(3)(B).

3

## II. PLAINTIFF'S MOTION TO COMPEL

Plaintiff moves to compel Moore's deposition, which defendants oppose. Defendants argue that plaintiff cannot meet the heightened standard required for deposing an opposing party's attorney, and the information about which plaintiff wants to depose Moore and obtain documents from him is irrelevant, inadmissible, and privileged. The court disagrees.

The Federal Rules do not prohibit deposing an opposing party's attorney, though such requests are often looked upon with disfavor. *Hughes v. Sears, Roebuck and Co.*, No. 2:09-CV-93, 2011 WL 2671230, at *4 (N.D. W. Va. 7 July 2011). Most courts allowing such depositions to be conducted require the party seeking the deposition to "establish a legitimate basis for requesting the deposition and demonstrate that the deposition will not otherwise prove overly disruptive or burdensome." *N.F.A. Corp. v. Riverview Narrow Fabrics*, 117 F.R.D. 83, 85 (M.D.N.C. 1987). Where an attorney is a fact witness, however, "his or her deposition may be 'both necessary and appropriate.'" *Carr v. Double T. Diner*, 272 F.R.D. 431, 435 (D. Md. 2010) (quoting *N.F.A. Corp.*, 117 F.R.D. at 85 n.2).

Plaintiff has established that these requirements are met here. Specifically, in this case, plaintiff alleges that defendants engage in a wrongful business practice which is intentionally designed to infringe on their suppliers' designs and then manufacture products based on such designs under their own private label. Evidence plaintiff relies on for its allegations of defendants' wrongful business plan include two recent lawsuits in which two other parties claimed that defendants stole the designs of a supplier and produced the same products under a Belk private label brand. Details of those lawsuits are specifically pled in plaintiff's Amended Complaint. (*See* Am. Compl. ¶¶ 43-46). One of the lawsuits, *Mr. Bar-B-Q-, Inc. v. Belk, Inc.*,

was apparently settled before Belk filed an answer to the complaint. In response to discovery requests concerning the other lawsuits, defendants have provided plaintiff with correspondence between Mr. Bar-B-Q-, Inc. and Moore (D.E. 89 at 2, 8, 13-20), as well as a settlement agreement resolving that lawsuit signed by Moore (D.E. 89 at 3-7). These documents show that Moore has direct personal knowledge of non-privileged facts relating to the lawsuit with Mr. Bar-B-Q-, Inc. and Moore's potential knowledge concerning other incidents in which defendants have been accused of intellectual property infringement. Thus, plaintiff has demonstrated a legitimate basis for requesting the deposition of Moore. Moreover, the information apparently sought generally relates to Moore simply as a fact witness. At the same time, there has been no convincing demonstration that a deposition of Moore would be overly disruptive or burdensome to defendants.

Defendants urge the court to adopt the test set forth in *Shelton v. American Motors Corp.*, 805 F.2d 1323 (8th Cir. 1986), where the court held that before being permitted to depose opposing counsel a party must show "(1) no other means exist to obtain the information than to depose opposing counsel, . . . (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case." 805 F.2d at 1327. *Shelton*, however, is applicable only where the attorney being deposed is trial or litigation counsel and the subject matter of the deposition concerns litigation strategy. *Hughes*, 2011 WL 2671230, at *5 (citing *Pamida, Inc. v. E.S. Originals, Inc.*, 281 F.3d 726 (8th Cir. 2002). Here, plaintiff is not seeking to depose defendants' trial counsel, nor does the subject matter of the deposition appear intended to elicit any information relating to the litigation strategy in the instant litigation. For these reasons, the *Shelton* test is inapplicable.

5

Nevertheless, even if the *Shelton* test were applicable here, its requirements would be met. As to the first requirement, not only, as discussed, has there been a showing of a legitimate basis for the deposition, but the record shows that Moore is the only witness with the information sought. Indeed, defendants do not suggest any other employee plaintiff could depose in Moore's stead. Second, although defendants contest the relevance of the information sought based on its purported admissibility at trial, the standard for discoverability is not coterminous with that of admissibility and, indeed, is much broader. Fed. R. Civ. P. 26(b)(1); *Frank Betz Assoc., Inc. v. Jim Walter Homes, Inc.,* 226 F.R.D. 533, 536 (D.S.C. 2005) (standard for whether to allow motion to compel discovery not limited by whether the information is admissible under the Rules of Evidence). Further, the information sought is nonprivileged. With respect to the third *Shelton* requirement, plaintiff has adequately demonstrated that the information sought is crucial to the preparation of its case.

## **CONCLUSION**

For the foregoing reasons, IT IS ORDERED that plaintiff's motion (D.E. 87) to compel discovery is ALLOWED. If plaintiff still wishes to depose Moore, defendants shall produce him for deposition at a time mutually convenient for the parties within 30 days of the date of entry of this Order. This Order in no way directs Moore to testify or produce any documents relating to any matters protected by privilege. Any responsive documents withheld on the basis of privilege shall be identified in a privilege log pursuant to Fed. R. Civ. P. 26(b)(5)(A). Finding that circumstances would make an award of expenses unjust, the court DIRECTS that each party bear its own costs in connection with the present motion. *See* Fed. R. Civ. P. 37(a)(5)(A)(iii).

SO ORDERED, this the 10th day of August 2012.

_____
James E. Gates
United States Magistrate Judge

7